**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHAUNCEY WATKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-104-JAR |
| | ) | |
| BRIAN H. MAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Chauncey Watkins, Jr. for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Watkins v. Walgreens, et al.*, Case No. 4:17-cv-2041-NAB (E.D. Mo. Aug. 31, 2017); *Watkins v. Presson, et al.*, Case No. 4:17-cv-1243-DDN (E.D. Mo. Sept. 11, 2017); *Watkins v. University City Police Department*, Case No. 4:17-cv-1667-AGF (E.D. Mo. Sept. 21, 2017); *Watkins v. State of Missouri, et al.,* Case No. 4:17-cv-2307-ACL (E.D. Mo. Oct. 4, 2017). Therefore, he may proceed in forma pauperis in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff alleges that the defendants violated his constitutional rights on past occasions. He alleges that Tom W. DePriest did not release him from jail in February of 2017; Brian H. May illegally sentenced him on October 12, 2017; Jeffrey Pauck conspired to commit fraud and false imprisonment on October 12, 2017; and Travis Martin conspired to commit fraud and false imprisonment on February 3, 2017, February 14, 2017, May 17, 2017 and May 24, 2017.

An inmate subject to § 1915(g) is only eligible to proceed in forma pauperis if he is under imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past harm are "insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* In this case, plaintiff alleges only past harm. The Court will therefore deny plaintiff's motion for leave to proceed in forma pauperis*,* and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g), this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. An Order of Dismissal will be filed separately.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of January, 2018.

_John A. Ross_

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**